# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MEADOR, | 1:07-cv-00365-AWI-SMS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| CALIFORNIA CORRECTIONAL INSTITUTION, et. al., | |
| Defendants. | (Doc. 15) |
| | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.    FINDINGS**

William Meador ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed his Complaint on March 6, 2007. (Doc. 3.)  On January 5, 2009, the Complaint was screened and dismissed with leave to amend. (Doc. 12.)  Plaintiff filed his First Amended Complaint on February 12, 2009 – which is presently before the Court. (Doc. 15.)

**A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); *see also* Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (*quoting* Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949; *see also* Moss v. U.S. Secret Service, ___ F.3d ___, 2009 WL 2052985, *6, (9th Cir. 2009) *ref* Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 556-557.

**B.    Summary of Plaintiff's First Amended Complaint**

Plaintiff is a state prisoner, currently housed at California State Prison, Solano ("SOL"). The acts he complains of occurred while he was housed at California Correctional Institution, Tehachapi ("CCI").

Plaintiff names the following defendants: CCI; Correctional Officer S. Foster; Sergeant R. Mazuka; Facility Captain M. Carrasco; Lieutenant J. Peterson; Associate Warden M. Stainer; and "Warden."

Plaintiff's allegations begin on July 27, 2005, subsequent to an inmate "incident" that occurred while Plaintiff was in the law library. Plaintiff and the other inmates were ordered out of the library where C/O Foster ordered Plaintiff to be stripped naked with a female officer a

couple of feet away. Plaintiff complied with the order, but voiced objection to removing his undergarments in front of a female officer. Plaintiff was then ordered to turn around and submit to handcuffs. Subsequently, Plaintiff was charged with a rule violation, found guilty, and "subjected to a deprivation that affected the duration" of his sentence.

Plaintiff seeks restoration of "credit" and monetary damages.

The Court finds that Plaintiff fails to state a cognizable claim against any Defendant(s). Plaintiff was previously provided all applicable standards, yet his First Amended Complaint suffers the same deficiencies as and is even sparser than his original Complaint, such that it appears he is not able to state cognizable claims so as to necessitate dismissal with prejudice.

    **C.**    **Claims for Relief**

    **1. Strip Searches**

In his First Amended Complaint, Plaintiff, a male prisoner, alleges he was strip searched within a couple of feet of a female correctional officer. Plaintiff's allegations do not imply any challenge to his body being searched subsequent to the "incident." Rather, he complains of the fact that he was strip searched in view of a female correctional officer.

While the body of law surrounding this type of claim is not crystal clear, Plaintiff's allegations do not give rise to claims for relief under the Fourth, Eighth, or Fourteenth Amendments.

    **a. Fourth Amendment**

The Fourth Amendment protects prisoners from unreasonable searches and seizures. Strip searches that are excessive, vindictive, harassing, or unrelated to any legitimate penological interest are not reasonable. Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). Plaintiff's allegation that he was strip searched in close proximity to a female officer subsequent to a disturbance fails to show that the search was excessive, vindictive, harassing, or unrelated to any legitimate penological interest. Thus, the Court finds that Plaintiff's allegations are insufficient to state a claim for relief for violation of the Fourth Amendment.

    **b. Eighth Amendment**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The Eighth Amendment protects inmates from repetitive and harassing searches, and from sexual abuse. Hudson v. Palmer, 468 U.S. 517, 530 (1984); Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000). The Court finds that Plaintiff's conclusory allegations are insufficient to state a claim for relief under the Eighth Amendment. It is simply not cruel and unusual punishment for a male prisoner to be strip searched while a female officer stands nearby.

### c. Fourteenth Amendment

The Supreme Court has recognized, resident in the Fourteenth Amendment, a privacy interest in avoiding disclosure of personal matters, Whalen v. Roe, 429 U.S. 589, 599 (1977), but "has not recognized that an interest in shielding one's naked body from public view should be protected under the rubric of the right of privacy . . . ." Grummett v. Rushen, 779 F.2d 491, 494 (9th Cir. 1985). The interest in avoiding disclosure of personal matters "has been infrequently examined . . . [and] its contours remain less than clear." Davis v. Bucher, 853 F.2d 718, 719 (9th Cir. 1988). Under Ninth Circuit law, the fact that female correctional officers might be able to view strip searches of male prisoners does not violate a prisoner's privacy rights. Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988).

Even accepting as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construing the pleading in the light most favorable to Plaintiff, and resolving all doubts in Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969), Plaintiff's allegations that he was strip searched while a female officer stood nearby do not give rise to a claim for relief under the Fourteenth Amendment.

### 2. Restoration of Credits

Plaintiff generally complains about a disciplinary hearing that occurred subsequent to the strip search in as much as he seeks "restoration of credits."

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty

4

interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

Plaintiff's due process claim is not cognizable as he did not state any allegations to show noncompliance with the Wolff requirements, or to implicate a deprivation of his rights to due process in any way.

Further, a deprivation that affects the duration of a prisoner's sentence, such as the loss of good time credits may, in some circumstances, implicate due process concerns. Sandin v. Conner, 515 U.S. 472, 477 (1995) (*citing with approval* Wolff v. McDonnell, 418 U.S. 539, 557 (1974) (state-created interest in shortened prison sentence is an interest of "real substance")). Such a liberty interest is limited to circumstances in which time credits were revoked as a disciplinary action; however, such a claim is not cognizable under § 1983 unless the ruling of such disciplinary action has been previously overturned or otherwise invalidated. Edwards v. Balisok, 520 U.S. 641, 645-46 (1997). Not only does Plaintiff fail to state any allegations to

5

show that the ruling on his 115 Rule Violation Report has been overturned or invalidated in any way, the exhibits he attaches to the complaint show that all of his challenges to the ruling that resulted in a loss of credits were denied.

Thus, Plaintiff does not state a cognizable claim for violation of his rights to due process.

### 3. Supervisory Liability

Plaintiff names supervisory defendants Sgt. Mazuka, Capt. Carrasco, Lt. Peterson, Asst. Warden Stainer, and "Warden."

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See* Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1949. "In a §1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." Id. Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. Id.

"'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." Moss, 2009 WL 2052985, *5 (*quoting* Iqbal, 126 S.Ct. at 1951 (*quoting* Twombly, 550 U.S. at 555)).

6

"Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." Id.

Plaintiff alleges that "because of the affirmative act or omission of the supervisor officers, including Sgt. Mazuka, Capt. Carrasco, Lt. Peterson, and Asst. Warden/or Warden, the Petitioner's rights was [sic] violated when Officer S. Foster [sic] affirmative acts . . . constituted a violation of 'both' the petitioner [sic] Fourth Amendment and Eighth Amendment under the U.S. Constitutional rights [sic] of America." (ellipses in original) (Doc. 15, p. 6.) Plaintiff's allegations against Sgt. Mazuka, Capt. Carrasco, Lt. Peterson, Asst. Warden, and/or "Warden" are insufficient as they are nothing more than conclusions. Further, Plaintiff fails to state a cognizable claim for any violation of his constitutional rights for these supervisory defendants to have caused.

## II.     RECOMMENDATION

The Court finds that Plaintiff has failed to state a claim against any of the named defendants.

Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), the undersigned HEREBY RECOMMENDS that this action be dismissed with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     October 22, 2009**             **/s/ Sandra M. Snyder**
                                            UNITED STATES MAGISTRATE JUDGE