IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MEADO,<br><br>      Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL<br>INSTITUTION, et al.,<br><br>      Defendants. | 1: 07 - CV - 0365 AWI SMS (PC)<br><br>ORDER ADOPTING FINDINGS<br>AND RECOMMENDATIONS<br><br>ORDER DISMISSING COMPLAINT<br><br>ORDER ALLOWING LIMITED<br>AMENDED COMPLAINT WITHIN<br>THIRTY DAYS |

William Meador ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On October 23, 2009, the Magistrate Judge entered Findings and Recommendations, recommending that this action be dismissed based on Plaintiff's failure to state a claim upon which relief may be granted under Section 1983. (Doc. 16.) On November 12, 2009, Plaintiff filed objections to the findings and recommendations. (Doc. 17.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the Findings and Recommendations to be supported by the record and proper analysis. The court agrees that the complaint fails to state a claim for a violation of Plaintiff's constitutional rights based on a strip search being done in close proximity to a female

officer, a claim based on supervisory liability, and a claim for the restoration of credits. However, in his objections, Plaintiff sets forth a new potential claim.   Plaintiff now contends that he was strip searched without any justification.   Because such a search could potentially violate the Constitution, the court will grant Plaintiff leave to amend on this one issue.

If Plaintiff opts to amend, his amended complaint should be brief, see Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, see Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  The mere possibility of misconduct is insufficient to state a claim. Iqbal at 1950.  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).   The only claim that Plaintiff may allege in any amended complaint is one alleging the strip search was done without any justification.   Finally, Plaintiff is informed that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Findings and Recommendations are ADOPTED in full;
2. The complaint is DISMISSED with limited leave to amend;
3. The Clerk of the Court shall send Plaintiff a civil rights complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff may file an amended complaint concerning only whether their was a justification for the search; and
5. Plaintiff is forewarned that failure to file an amended complaint that complies with this order and the court's prior orders will result in

1 | dismissal of this action for failure to obey a court order.

3 | IT IS SO ORDERED.

4 | **Dated:   December 23, 2009**              **/s/ Anthony W. Ishii**
                                              CHIEF UNITED STATES DISTRICT JUDGE