# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LANGSTON MEADOR, | CASE NO. 1:07-cv-00365-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| v. | |
| CALIFORNIA CORRECTIONAL INSTITUTION, et al., | (Doc. 19) |
| Defendants. | ORDER COUNTING DISMISSAL AS A STRIKE UNDER SECTION 1915(G) |

**Screening Order**

I.   **Procedural History**

Plaintiff William Langston Meador, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 6, 2007. Plaintiff's complaint was dismissed on January 5, 2009, for failure to state any claims upon which relief may be granted. 28 U.S.C. § 1915A. Plaintiff filed a first amended complaint on February 12, 2009, and the undersigned recommended dismissal of this action for failure to state any claims on October 23, 2009. On December 24, 2009, the Honorable Anthony W. Ishii, who was at that time assigned to this action, adopted the findings and recommendations in full with the exception of allowing Plaintiff leave to file a second amended complaint limited to his newly asserted claim that the strip search at

///

1

issue in the action was conducted without any justification.[1]  Now pending before the Court for review is Plaintiff's second amended complaint, filed February 12, 2009.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal at 1950, and while factual allegations are accepted as true, legal conclusion are not, id. at 1949.

## III. Plaintiff's Claims

### A. Factual Allegations

Plaintiff, who is currently incarcerated at California State Prison-Solano in Vacaville, brings this action against Correctional Officer Foster, Sergeant R. Mazuka, Lieutenant J. Peterson, Captain M. Carrasco, and Associate Warden M. Stainer based on a strip search conducted at the California Correctional Institution in Tehachapi on July 27, 2005.

---

[1] This is now a consent case. Appendix A(k)(4) of the Local Rules.

1  Plaintiff was in the law library when an incident occurred on the yard involving the attempted murder of an inmate with weapons. (Doc. 19, 2nd Amend. Comp., court record p. 6; Doc. 15, 1st Amend. Comp., p. 4 & Ex. A p. 1; Doc. 3, Comp., p. 6 & Ex. A p. 22.[2]) After the yard was cleared, Plaintiff and the other inmates in the library were ordered to leave and submit to a strip search. (2nd Amend. Comp., p. 6, 1st Amend. Comp., p. 4, Comp., p. 6.) A female officer was several feet away and Plaintiff objected to stripping in her presence, although he disrobed while objecting. (2nd Amend. Comp. at 6, 1st Amend. Comp. at 4, Comp. at 6.) Plaintiff was then ordered to turn around at gun point, handcuffed, and taken to a holding cell. (2nd Amend. Comp. at 9, 1st Amend. Comp. at 5, Comp. at 7.) Plaintiff was released several hours later and given a rules violation, which he contends was false. (2nd Amend. Comp. at 6.) Plaintiff alleges that there was no justification for requiring him to submit to a strip search in front of a female officer and the search was therefore unreasonable. (Id. at 9-10.)

**B.    Fourth Amendment Claim**

On two previous occasions, the Court found Plaintiff's allegations insufficient to state a claim. In all three complaints, Plaintiff's assertion that the strip search was unreasonable is based on the purported violation of Cal. Code Regs., tit. 15 § 3287(b), which provides that inmates are subject to unclothed body inspections "when there is a reasonable suspicion to believe the inmate may have unauthorized or dangerous items concealed on his or her person, or that he or she may have been involved in an altercation of any kind." (2nd Amend. Comp. at 6; 1st Amend. Comp. at 5; Comp. at 7-8.) In his second amended complaint, Plaintiff alleges that because he was in the law library with the door closed and not at the location of the incident, and because the incident had been "cleared," there was no justification or need to strip search him in front of a female guard. (2nd Amend. Comp. at 6-7.)

The Fourth Amendment protects prisoners from unreasonable searches, including the invasion of bodily privacy. Bull v. City and County of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Michenfelder v. Sumner, 860 F.2d 328, 332-34 (9th Cir. 1988). While prisoners retain some

---

[2] The Court takes judicial notice of Plaintiff's original and first amended complaints. E.g., United States v. Howard, 381 F.3d 873, 876, n.1 (9th Cir. 2004).

legitimate expectation of bodily privacy from persons of the opposite sex, such rights are extremely limited, Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir. 1993); Michenfelder, 860 F.2d at 333, and prisoners do not have a recognized right to be free from cross-gender strip searches, Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997); Jordan, 986 F.2d at 1524-25.

The Fourth Amendment prohibits unreasonable searches, and reasonableness is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights that search entails. Bell v. Wolfish, 441 U.S. 520, 558-59, 99 S.Ct. 1861 (1979) (quotations omitted); Bull, 595 F.3d at 971-72; Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder at 332. The scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted must be considered. Bell, 441 U.S. at 559 (quotations omitted); Bull at 972; Nunez, 591 F.3d at 1227; Michenfelder at 332.

In evaluating whether a prison's policy or practice is reasonable under the Fourth Amendment, courts must also look to the test articulated in Turner v. Safley, 482 U.S. 78, 89-91, 107 S.Ct. 2254 (1987). Bull at 973; Nunez at 1227; Michenfelder at 331. Under Turner as applied to Fourth Amendment body search claims, any infringement on a prisoner's Fourth Amendment rights must be reasonably related to legitimate penological interests, which requires consideration of (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) the impact the accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (3) the absence of ready alternatives. Bull at 973; Nunez at 1227; Michenfelder at 331.

The Court is mindful that it is evaluating Plaintiff's Fourth Amendment claim at the pleading stage. Nevertheless, Plaintiff's allegations must be sufficient to state a facially plausible Fourth Amendment claim and any alleged infringement "must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." Bull at 972 (quoting Bell at 547). "[T]he problems that arise in the day-to-day operation of a correctional facility are not susceptible of easy solutions," and prison officials must be accorded "'wide-ranging deference in the

adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" Id.

Plaintiff's attempt to base a Fourth Amendment claim on the allegation that section 3287 authorized the search at issue only if there was a reasonable suspicion that he had an unauthorized or dangerous item concealed on his body or that he was involved in an altercation, neither of which was applicable given his location in the law library at the time of the incident on the yard, is belied by a reading of section 3287. Notably omitted from Plaintiff's pleadings is the remainder of section 3287, which in fact permits unclothed body inspections in other situations, including routine inmate movement into or out of high security risk areas, and inspections to prevent possession and movement of dangerous items.

Regardless, Fourth Amendment claims are evaluated for reasonableness and not on whether or not Title 15 regulations were violated. In this instance, the attempted murder of an inmate with weapons involved occurred on the yard. After the yard was cleared, inmates in the law library were removed and searched, with Plaintiff's search occurring within a few feet of a female officer.[3] These scant facts simply do not support a facially plausible claim that Plaintiff was subjected to an unreasonable search. Plaintiff's Fourth Amendment claim is dismissed, with prejudice. Fed. R. Civ. P. 8(a); Iqbal at 1949-50.

### C. Eighth Amendment Claim

The Court previously found that Plaintiff's Eighth Amendment was not cognizable, and when Plaintiff's first amended complaint was dismissed, Plaintiff was granted leave to amend only his Fourth Amendment claim. However, Plaintiff re-alleges that the strip search at issue violated his rights under the Eighth Amendment.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those

---

[3] Although such allegations would not affect the outcome in this case, the Court notes that there is no allegation that the female officer was involved in the search or that she even viewed Plaintiff without his clothes. Plaintiff's claim is premised simply on her presence in the area of the search.

5

deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim, the factual allegations must support a claim that prison officials knew of and disregarded a substantial risk of serious harm to Plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The allegations that Plaintiff was ordered to submit to a strip in the presence of a female officer following a serious incident on the yard are insufficient to support a claim for relief under the Eighth Amendment. Plaintiff's Eighth Amendment claim is dismissed, with prejudice. Fed. R. Civ. P. 8(a); Iqbal at 1949-50.

### D. Fourteenth Amendment Claim

Plaintiff's due process claim was also previously found to be deficient and Plaintiff was not granted leave to amend the claim. Because Plaintiff re-alleges his prayer for the restoration of his time credits, the Court will address the due process claim.

In a prison disciplinary proceding, Plaintiff was charged with and found guilty of willfully resisting, delaying or obstructing a peace officer in the performance of duty, and was assessed a ninety-day credit forfeiture. (1st Amend. Comp. at 6, 10-11; Comp. at 29.) Plaintiff may neither challenge the rules violation report nor seek a credit restoration. Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242 (2005). Plaintiff's sole remedy at this juncture is the prison's administrative process or a petition for writ of habeas corpus. Wilkinson, 544 U.S. at 81-2. Plaintiff's due process claim is dismissed, without prejudice, for failure to state a claim. Id.

## IV. Conclusion and Order

Plaintiff's second amended complaint fails to state a claim upon which relief may be granted under section 1983. In light of the Court's previous screening order and the nature of the deficiencies at issue, justice does not require further leave to amend be granted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

///

///

Accordingly, it is HEREBY ORDERED that:

1. This action is dismissed in its entirety as follows for failure to state a claim under section 1983:

    a. Plaintiff's Fourth Amendment claim arising from the strip search is dismissed with prejudice;

    b. Plaintiff's Eighth Amendment claim arising from the strip search is dismissed with prejudice; and

    c. Plaintiff's Fourteenth Amendment due process claim arising from the false disciplinary report and credit loss is dismissed without prejudice;

2. The Clerk of the Court shall enter judgment; and

3. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:   August 3, 2010**                             /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE